IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LOUISIANA ENERGY SERVICES, LLC
d/b/a URENCO USA

      **Plaintiff,**

v.                                  **No. 16-CV-31 MCA/GJF**

FRESH AND CLEAN PORTABLE
RESTROOMS, INC., a/k/a FRESH &
CLEAN, INC.

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on *Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction*. [Doc. 9]  The Court, having considered the submissions, the relevant law, and otherwise being fully informed in the premises, hereby **GRANTS** *Defendant's Motion*.

**BACKGROUND**

Plaintiff, Louisiana Energy Services, LLC, filed this action against Defendant, Fresh and Clean Portable Restrooms.  Plaintiff pleads the following facts.  Plaintiff operates a gas centrifuge uranium enrichment plant on property it owns in Lea County, New Mexico.  [Doc. 1, ¶ 5]  From 2009 to 2015, Plaintiff contracted with Defendant to provide portable restrooms and related services.  [Doc. 1, ¶¶ 6, 7, 9]  After demanding "payment above and beyond that enumerated in the Contract," Defendant eventually filed several liens "against the Property."  [Doc. 1, ¶¶ 10, 18, 19]  Plaintiff defines the

"Property" as "property located in Lea County located at 275 Andrews Highway, Eunice, New Mexico 88231." [Doc. 1, ¶ 5] Plaintiff alleges that these liens "create a cloud on the title to the Property." [Doc. 1, ¶ 20] Plaintiff seeks a declaratory judgment from this Court deciding that the liens are invalid and "cancelling the Claims of Lien pursuant to Section 48-2-9 N.M.S.A." [Doc. 1, p. 8]

Plaintiff alleges jurisdiction pursuant to 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). [Doc. 1, ¶ 1] Plaintiff alleges that its facility is licensed by the United States Nuclear Regulatory Commission (NRC). [Doc. 1, p. 1 & ¶ 5] Plaintiff further alleges that Defendant's liens are "in violation of the Atomic Energy Act of 1954 ('AEA'), 42 U.S.C. § 2011 and the regulations issued by the United States Nuclear Regulatory Commission." [Doc. 1, p. 1] Specifically, Plaintiff alleges:

> Pursuant to the AEA, NRC regulations, and the terms of the NRC license governing the property at issue in this litigation, a creditor attempting to assert its rights may only do so in compliance with that complex regulatory scheme. Further, the AEA and NRC regulations prohibit transfers of an NRC license or an NRC-licensed facility or any part thereof without NRC approval. Such approval would be required prior to Defendant being able to proceed with its threatened foreclosure of its liens on the property. *See* 10 C.F.R. § 70.36.

[Doc. 1, ¶ 2] Plaintiff also references 10 C.F.R. § 50.81(a)(1), arguing that "[t]he rights of any creditor in a nuclear facility may only be exercised in compliance with and subject to the same requirements and restrictions that would apply to the licensee." [Doc. 1, ¶ 33]

Defendant moves to dismiss the *Complaint* for lack of subject matter jurisdiction, arguing that Plaintiff's liens arise from contractual obligations and were filed pursuant to a New Mexico statute, and thus there is no federal question.  [Doc. 9, pp. 1, 3]  Plaintiff responds that "[t]he determination of the merits of the claims raised in [Plaintiff's] Complaint will necessarily involve, and be substantively determined by, this Court's interpretation of the provisions of the AEA and the NRC regulations."  [Doc. 12, p. 1]  The Court considers the parties' arguments below.

**ANALYSIS**

*Standard Governing Rule 12(b)(1) Motion to Dismiss Action for Declaratory Judgment*

Defendant moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), which allows for the dismissal of a claim for lack of subject matter jurisdiction.  [Doc. 9, p. 1]  Generally, Rule 12(b)(1) motions to dismiss for lack of jurisdiction will come in the form of (1) a facial attack, in which case the movant merely challenges the sufficiency of the complaint, requiring the district court to accept the allegations in the complaint as true, or (2) a factual attack, where the movant goes beyond the allegations in the complaint and challenges the facts upon which subject matter jurisdiction depends.  *Paper, Allied-Indus., Chem. & Energy Workers Intern. Union v. Cont'l Carbon Co*., 428 F.3d 1285, 1292 (10th Cir. 2005).  Defendant has launched a facial attack, "challeng[ing] the sufficiency of the complaint, requiring the district court to accept the allegations in the complaint as true."  *Id*.

Generally, to determine whether a federal law is at issue, the Court "examine[s] the well-pleaded allegations of the complaint," to determine whether the "Plaintiff's statement of his own cause of action shows that it is based on federal law." *Devon Energy Production Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1202 (10th Cir. 2012) (internal quotation marks, citations and brackets omitted).  However, because Plaintiff seeks a declaratory judgment, the Court must modify the inquiry in deciding whether this Court has jurisdiction.  *Id.* at 1202-03.

> The dynamics of the "well-pleaded complaint" rule change in the context of a declaratory-judgment action like this one, where "the position of the parties is ... reversed[ ] [and] the plaintiff . . . asserts a defense to an anticipated action by the declaratory judgment defendant . . . ." *Cardtoons* [*L.C. v. Major League Baseball Players Ass'n*, 95 F.3d 959, 964 (10th Cir. 1996)]. In this situation, "[i]t is the character of [the Defendant's] action, not [the Plaintiff's] defense, that determines whether there is federal question jurisdiction." *Id.*; *see Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 19 & n. 19, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983) ("Federal courts have regularly taken original jurisdiction over declaratory judgment suits in which, if the declaratory judgment defendant brought a coercive action to enforce its rights, that suit would necessarily present a federal question.").

*Id.*

### Jurisdiction under 28 U.S.C. § 1331

This Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Two categories of claims "arise under" federal law.  The first category, which occurs "when federal law creates the cause of action asserted," *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 136 S.Ct. 1562, 1569 (2016), does not apply in this case.  Plaintiff asserts that the second category applies to this case, which is described by our Supreme Court as

follows:  "even when a claim finds its origins in state law, there is a special and small category of cases in which arising under jurisdiction still lies."  *Id.* at 1569-70 (internal quotation marks and citation omitted).  In order to determine whether a case falls into this "special and small category," the Court must consider whether the "federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."  *Gunn v. Minton*, 133 S.Ct. 1059, 1065 (2013).  If all four of these requirements are met, then this Court has jurisdiction because "there is a serious federal interest in claiming the advantages thought to be inherent in a federal forum, which can be vindicated without disrupting Congress's intended division of labor between state and federal courts."  *Id.* (internal quotation marks and citation omitted); *see also Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313-14 (2005) ("[T]he question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.").

### Discussion

In this case, federal question jurisdiction fails at the first "arising under" requirement:  that the federal issue or law is "necessarily raised."  *Gunn*, 133 S.Ct. at 1065.  The lack of a federal issue is demonstrated by the nature of the Defendant's potential coercive action, which, under *Devon Energy Production*, 693 F.3d at 1202-03, is the focus of the inquiry.  Defendant, Fresh and Clean Portable Restrooms, filed liens that Plaintiff now requests this Court to declare void.  The liens themselves are creations

of state statutory law, NMSA 1978, Sections 48-2-1 to -17 (1880 as amended through 2011).   Further, Defendant's claim sounds in contract law, and contract law is undisputedly governed by state law.  *See Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 672 (1950) (recognizing that state law governs contract disputes); *Becker v. Ute Indian Tribe of the Uintah and Ouray Reservation*, 770 F.3d 944, 948-49 (10th Cir. 2014) (collecting cases holding that potential federal statutory defense to a law suit premised on a contract "having its genesis in state law" does not create federal question jurisdiction); *see also* Section 48-2-2 (stating that the lien is for the "specific contract or agreed upon charge").  Accordingly, Defendant's action raises no issue of federal law.

In arguing that this case raises matters of federal law, Plaintiff overlooked the requirement that the Court consider only the Defendant's potential coercive action. Instead, Plaintiff makes its arguments on its potential defenses, and relies on 42 U.S.C. § 2234, which states:

> No license granted hereunder and no right to utilize or produce special nuclear material granted hereby shall be transferred, assigned or in any manner disposed of, either voluntarily or involuntarily, directly or indirectly, through transfer of control of any license to any person, unless the Commission shall, after securing full information, find that the transfer is in accordance with the provisions of this chapter, and shall give its consent in writing. The Commission may give such consent to the creation of a mortgage, pledge, or other lien upon any facility or special nuclear material, owned or thereafter acquired by a licensee, or upon any leasehold or other interest in such facility, and the rights of the creditors so secured may thereafter be enforced by any court subject to rules and regulations established by the Commission to protect public health and safety and promote the common defense and security.

*Id.*  Plaintiff relies on this section in arguing that "[t]he AEA and NRC regulations prescribe the limited circumstances under which a mortgage, pledge, or other lien may be

6

created on NRC-licensed facilities subject to a number of restrictions." [Doc. 12, p. 7]

Plaintiff also points to 10 C.F.R. § 50.81, which states:

> (a) Pursuant to section 184 of the Act, *the Commission consents, without individual application, to the creation of any mortgage, pledge, or other lien upon any production or utilization facility not owned by the United States which is the subject of a license or upon any leasehold or other interest in such facility*[;] [p]rovided:
> (1) That the rights of any creditor so secured may be exercised only in compliance with and subject to the same requirements and restrictions as would apply to the licensee pursuant to the provisions of the license, the Atomic Energy Act of 1954, as amended, and regulations issued by the Commission pursuant to said Act; and
> (2) That no creditor so secured may take possession of the facility pursuant to the provisions of this section prior to either the issuance of a license from the Commission authorizing such possession or the transfer of the license.

(Emphasis added).

Neither the AEA nor the regulation cited by Plaintiff demonstrate that Defendant's potential state-law claim necessarily raises an issue of federal law. As set out above, the language of 10 C.F.R. § 50.81(a) expressly states that "the Commission consents, without individual application, to the creation of any . . . lien upon any production or utilization facility." This language makes it clear that Defendant was not required to obtain permission or consent from the NRC prior to filing its liens. As the regulations go on to state, at such point when the creditor attempts to enforce its liens or take possession of the property, that creditor then must comply with the licensing requirements of the AEA. 10 C.F.R. § 50.81(a)(1), (2). However, there is no federal law or regulation that is "necessarily raised" at this point, because no federal law precludes Defendant from filing liens. In other words, nothing in any of the laws cited by Plaintiff requires that

Defendant's liens be "declared void and invalid," which is the relief Plaintiff seeks. [Doc. 1, ¶ 37]

Because there is no issue of federal law which is "necessarily raised," the remaining requirements for federal jurisdiction are also not met, which are that the federal issue is "(2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 133 S.Ct. at 1065. While federal statutes and regulations may come into play if Defendant seeks to foreclose on its lien, at this point, the federal laws are not operative and therefore "actually disputed" because Plaintiff has taken no action to foreclose on its liens.[1] Even if Defendant were to take action to foreclose on its lien, a declaratory judgment action is not a proper vehicle for usurping the duties of the Nuclear Regulatory Commission in deciding whether or not to issue a license to Defendant. Thus, again, no issue of federal law which is capable of determination in this Court is "actually disputed." It follows that no such federal issue is "substantial." Finally, the issues Plaintiff raises are not "capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.* The issues raised in this lawsuit are not capable of resolution in federal court at all, given that no federal law allows the relief Plaintiff seeks or precludes Defendant from filing its liens.

---

[1] Defendant submits, "Defendant has no interest in taking possession of or operating Plaintiff's facility. Defendant simply seeks to protect the rights afforded to it under New Mexico law, which is to protect its position should Plaintiff seek to sell its facility and perhaps to foreclose on its lien." [Doc. 9, p. 3] Plaintiff has not alleged that Defendant has acted to enforce its lien or foreclose on the property.

Accordingly, this case does not "arise under" the laws of the United States, 28 U.S.C. § 1331, and, thus, this Court lacks jurisdiction over the case.

**CONCLUSION**

**WHEREFORE,** for the foregoing reasons, the Court **HEREBY GRANTS** *Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction*. [Doc. 9]

**SO ORDERED** this 29th day of November, 2016 in Albuquerque, New Mexico.


_____
**M. CHRISTINA ARMIJO**
**Chief United States District Court Judge**